UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**DONALD GERALD HEWINS,**

      **Plaintiff,**

      v.

**ANDREW SAUL,**
**Commissioner of Social Security,**

      **Defendant.**

**Case No. 3:18-cv-3989**
**Magistrate Judge Norah McCann King**

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Donald Gerald Hewins for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application. After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court reverses the Commissioner's decision and remands the action for further proceedings.

**I.      PROCEDURAL HISTORY**

In July 2014, Plaintiff filed his application for benefits, alleging that he has been disabled since August 31, 2013. R. 201–09. Plaintiff's application was denied initially and upon reconsideration. R. 99–108. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 109–10. Administrative Law Judge Denise Martin ("ALJ") held a video hearing on June 13, 2017, at which Plaintiff, who was represented by counsel, appeared and testified, as did

1

a vocational expert. R. 33–64. In a decision dated August 9, 2017, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at any time from August 31, 2013, the alleged onset date, through the date of that decision. R. 15–28. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on January 24, 2018. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On August 3, 2018, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 9.[1] On March 12, 2020, the case was reassigned to the undersigned. ECF No. 28. The matter is now ripe for disposition.

## II. LEGAL STANDARD

### A. Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *see K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309 , 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018). Substantial evidence is "less than a preponderance of the evidence, but 'more than a mere scintilla.'" *Bailey v. Comm'r of Soc.*

---

[1] The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

2

*Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *see K.K.*, 2018 WL 1509091, at *4.

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see*, *e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (citations and quotations omitted)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of*

3

*Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict."  *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review."  *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected."  *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, [s/]he must give some indication of the evidence which [s/]he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice."  *Cotter*, 650 F.2d at 482.  Absent such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518. In assessing whether the record is fully developed to support an award of benefits, courts take a more liberal approach when the claimant has already faced long processing delays. *See*, *e.g.*, *Morales v. Apfel*, 225 F.3d 310, 320 (3d Cir. 2000). An award is "especially appropriate when "further administrative proceedings would simply prolong [Plaintiff's] waiting and delay his ultimate receipt of benefits." *Podedworny*, 745 F.2d at 223; *see Schonewolf*, 972 F. Supp. at 290.

**B.   Sequential Evaluation Process**

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the

5

Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do

so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III. ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 54 years old on his alleged disability onset date of August 31, 2013. R. 26. He met the insured status requirements of the Social Security Act through June 30, 2019. R. 17. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged disability onset date. R. 18.

At step two, the ALJ found that Plaintiff's restless leg syndrome, depression, blepharitis, and cluster headaches constitute severe impairments. *Id*.

At step three, the ALJ found that Plaintiff does not suffer an impairment or combination of impairments that meets or medically equals the severity of any Listing. R. 18–19.

At step four, the ALJ found that Plaintiff has the RFC to perform medium work subject to various additional limitations. R. 20. The ALJ also found that this RFC does not permit the performance of Plaintiff's past relevant work as a probation and parole officer and a produce clerk. R. 26.

At step five, the ALJ found that a significant number of jobs–*i.e*., approximately 1.5 million jobs as a cleaner; approximately 45,000 jobs as a laundry worker; approximately 150,000 jobs as a packager–exist in the national economy and could be performed by an individual with Plaintiff's vocational profile and RFC. R. 27. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from August 31, 2013, his alleged disability onset date, through the date of the decision. R. 27.

Plaintiff disagrees with the ALJ's findings at steps three and four and asks that the decision of the Commissioner be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Brief,* ECF No. 26. The Commissioner takes the position that his decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1,* ECF No. 27.

## IV. DISCUSSION

Plaintiff argues, *inter alia*, that substantial evidence does not support the ALJ's RFC determination. *Plaintiff's Moving Brief*, ECF No. 26, pp. 29–40. A claimant's RFC is the most that the claimant can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). It is the ALJ who is charged with determining a claimant's RFC. 20 C.F.R. §§ 404.1527(e), 404.1546(c); *see also Chandler*, 667 F.3d at 361 ("The ALJ—not treating or examining physicians or State agency consultants—must make the ultimate disability and RFC determinations.") (citations omitted). When determining a claimant's RFC, an ALJ has a duty to consider all the evidence. *Plummer,* 186 F.3d at 429. However, an ALJ need include only "credibly established" limitations. *Rutherford*, 399 F.3d at 554; *see also Zirnsak*, 777 F.3d at 615 (stating that the ALJ has discretion to include "a limitation [that] is supported by medical evidence, but is opposed by other evidence in the record" but "[t]his discretion is not unfettered—the ALJ cannot reject evidence of a limitation for an unsupported reason" and stating that "the ALJ also has the discretion to include a limitation that is not supported by any medical evidence if the ALJ finds the impairment otherwise credible").

Here, the ALJ determined that Plaintiff has the RFC to perform medium work with certain additional limitations, as follows:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) involving work in environments in which he could avoid concentrated exposure to moderate noise. He could perform unskilled, simple, routine, repetitive work. He should not perform fast-paced work tasks or work with high production quotas (e.g., factory or production work). He should not interact with the public, but he could have brief and superficial interaction with the workers and supervisors.

R. 20.

Plaintiff argues that this RFC determination is not supported by substantial evidence because, among other things, the ALJ failed to include a limitation for only occasional interaction with supervisors, coworkers, and the public as provided for in the hypothetical question posed to the vocational expert upon whose testimony the ALJ ultimately relied in denying benefits. *Plaintiff's Moving Brief*, ECF No. 26, pp. 33–40. Specifically, the ALJ asked the vocational expert to assume an individual with Plaintiff's vocational profile

> who would be limited to medium work. He should avoid concentrated exposure to noise and it should be an unskilled, simple, routing, repetitive job, with *only occasional interaction* with supervisors, coworkers and the public and no fast-paced or high production quotas.

R. 57 (emphasis added). The vocational expert confirmed that the hypothetical person would not be capable of performing Plaintiff's past work. *Id*. After clarifying the noise level exposure as moderate, the vocational expert testified that such an individual would be able to perform the three jobs ultimately identified by the ALJ at step five, namely, cleaner, laundry worker, and packager. R. 27, 57–58.

Plaintiff complains that the ALJ failed to include in the RFC ultimately found by her the limitation of only "occasional" interaction with supervisors, coworkers, and the public; this omission is significant, Plaintiff contends, because the term "occasional" means occurring from

9

very little up to one-third of the time. *Plaintiff's Moving Brief*, ECF No. 26, pp. 33–40 (citing, *inter alia*, SSR 83-10 (defining "occasionally")). Plaintiff goes on to argue, *inter alia*, that the ALJ's limitation in the RFC to only "brief and superficial" interaction with workers and supervisors does not cure this omission because "brief and superficial" has a different meaning than "occasional." *Id*.

Defendant disagrees. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 27, p. 22. Defendant specifically contends that remand on this issue would be futile:

> These limitations reflect the same level of interaction with coworkers and supervisors. "Occasional" is defined as occurring from very little up to one-third of the time. *See* SSR 83-10. A "brief and superficial" level of interaction would not exceed one-third of the workday, or rise to "frequent" interaction (occurring from one-third to two-thirds of the time). Therefore, in asking the VE to consider the limitation of "only occasional interaction" with supervisors and coworkers, the ALJ was presenting the same level of interaction with coworkers and supervisors contained in the RFC finding. In short, the VE considered Plaintiff's established limitation related to coworkers and supervisors, and identified representative occupations that Plaintiff still could perform. Remand to substitute "occasional" for the phrase "brief and superficial" in the RFC would be futile, and would not change the ultimate disability determination.

*Id.* at 22–23.

Defendant's argument is not well taken. As a preliminary matter, Defendant offers no authority for or evidence supporting his assertion that "occasional" interaction presents "the same level of interaction" as "brief and superficial." *See id*. Moreover, nowhere did the ALJ explain what she meant by "brief and superficial" interaction. *See* R. 15–28, 57–64. Based on this record, the Court declines to accept Defendant's conclusory and *post hoc* rationalization. *See Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 305 (3d Cir. 2013) ("Our review must also be based on 'the administrative record [that was] already in existence' before the agency, not 'some new record made initially in the reviewing court' or 'post-hoc rationalizations' made after the disputed action.") (quoting *Rite Aid of Pa., Inc. v.*

*Houstoun*, 171 F.3d 842, 851 (3d Cir. 1999)); *Fargnoli*, 247 F.3d at 44 n.7 (3d Cir. 2001) (stating that a district court should not substitute its own independent analysis for reasoning not mentioned by the ALJ) (citations omitted).

Although neither party cites to legal authority within the Third Circuit, and the undersigned is unaware of any such authority on this point, other courts considering this issue have determined that the term "occasional," which refers to the frequency of the interaction, is not the equivalent of the term "brief and superficial," which refers to the quality of the interaction:

> Social Security Ruling 83–10 defines "occasionally" as "occurring from very little up to one-third of the time." 1983 WL 31251, at *5 (S.S.A. 1983). Logically, "occasional" goes to the frequency of interaction. *See id*. As to "superficial," there is no such definition within Social Security Ruling 83-10. However, "superficial" interactions describe the degree and the extent of interaction, because "[e]ven a job that requires only occasional interaction could require an employee to engage in prolonged or meaningful conversations during those few occasions." *Sanders v. Astrue*, 2012 WL 1657922, at *12 (D. Minn. Apr. 17, 2012). The Court agrees that "superficial" aptly describes the quality of interaction. *See Wartak v. Colvin*, 2016 WL 880945, at *7 (N.D. Ind. Mar. 8, 2016) (concluding that "[o]ccasional contact" goes to the quantity of time spent with the individuals, whereas "superficial contact" goes to the quality of the interactions.); *Sanders*, 2012 WL 1657922, at *12 (distinguishing "occasional" interaction and "superficial" interaction because even a job that requires only occasional interaction could require an employee to engage in prolonged or meaningful conversations during those few occasions); *Eveland v. Berryhill*, 2017 WL 3600387, at *4 (N.D. Ind. Aug. 22, 2017) (finding that the ALJ erred when the ALJ limited the plaintiff to "occasional" contact with coworkers and supervisors when the expert opined that the plaintiff could engage in "superficial" contact on an "ongoing basis").

*Greene v. Saul*, No. 3:19-CV-00687-JD, 2020 WL 4593331, at *4 (N.D. Ind. Aug. 11, 2020); *see also Danielson v. Comm'r of Soc. Sec*., No. 3:18-CV-84, 2019 WL 1760071, at *4 (S.D. Ohio Apr. 22, 2019), *report and recommendation adopted*, No. 3:18-CV-84, 2019 WL 2011077 (S.D. Ohio May 7, 2019) ("However, occasional and superficial are not coterminous. Instead, '[o]ccasional contact' goes to the quantity of time spent with [ ] individuals, whereas 'superficial

11

contact' goes to the quality of the interactions.") (internal quotation marks and citations omitted)); *Midlam v. Berryhill*, No. C17-5650, 2018 WL 2932134, at *2 (W.D. Wash. June 12, 2018) (finding, *inter alia*, that "[o]ccasional contact measures the frequency with which one comes into contact with another. It does not measure depth of contact, meaning whether the contact is superficial or not" and remanding action); *Oakley v. Colvin*, No. 15-CV-644, 2016 WL 4272136, at *9 (S.D. Ill. Aug. 15, 2016) ("Plaintiff argues that the limitation to occasional contact does not adequately capture Dr. Cesare's opinion that she should be limited to only superficial contact. The Court agrees. Occasional describes frequency of interaction, while superficial describes intensity or quality of interaction. They are not the same thing."). This Court finds the reasoning of these cases, which relies on the plain meaning of each word, persuasive. *Cf. Robinson v. Astrue*, No. CIV.A. 07-1825, 2008 WL 5046337, at *6 (D.N.J. Nov. 21, 2008) (affirming where a doctor's use of the phrase "at this time" "must not be misconstrued to refer to the entire period of time Plaintiff was treated by Dr. Ruoff. The ALJ noted this 'evaluation was not given retrospective effect.' . . . This Court finds no basis to suggest intent to the contrary and defers to the plain meaning of the phrase").

Here, as previously noted, the ALJ posed a hypothetical question to the vocational expert that included a limitation for "only occasional interaction with supervisors, coworkers and the public." R. 57. But the RFC ultimately found in the ALJ's decision did not include this limitation and instead included a limitation to, *inter alia*, "brief and superficial interaction with the workers and supervisors." R. 20. For the reasons discussed above, this Court concludes that the RFC found by the ALJ therefore did not include all the limitations in the hypothetical question posed to the vocational expert. Because the ALJ expressly relied on the vocational expert's testimony in response to this hypothetical question when finding that Plaintiff was not disabled because

there exist other jobs that Plaintiff could perform, R. 27, 57–58, the Court cannot conclude that this error was harmless or that substantial evidence supports the ALJ's decision. This Court therefore concludes that the decision of the Commissioner must be reversed, and the matter must be remanded to the Commissioner for further consideration of these issues.[2]

## V.  CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  November 24, 2020               *s/Norah McCann King*
                                       NORAH McCANN KING
                                       UNITED STATES MAGISTRATE JUDGE

---

[2] Plaintiff asserts a number of other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Plaintiff's RFC, the Court does not consider those claims.